FILED
DEC 06 2023
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>Anthony Angel FLORES,<br>Defendant. | Case No.: **23CR2369-RSH**<br><br>**FINDINGS OF FACT AND ORDER OF DETENTION** |

In accordance with Title 18, United States Code, Section 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141, et seq.), a detention hearing was held on November 30, 2023, to determine whether the defendant, Anthony Angel FLORES ("FLORES" or Defendant), should be held in custody pending trial on the grounds that he is a flight risk. Assistant U.S. Attorney Daniel F. Casillas appeared on behalf of the United States. Court appointed counsel, James Johnson, appeared on behalf of Defendant.

Based on the evidence proffered by the United States and Defendant, the Pretrial Services' report, and the Indictment issued against Defendant on November 15, 2023, by this Court, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions required will reasonably assure the appearance of Defendant.

# I

# FINDINGS OF FACT

A. Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(g)(1)):

Defendant is charged in Indictment No. 23CR2369-RSH with (1) Interference with Commerce by Robbery, in violation of Title 18, United States Code, Section 1951; (2) Brandishing a Firearm During and In Relation to a Crime of Violence, in violation of Title 18, United States Code, Section 924(c); and (3) Aiding and Abetting, in violation of Title 18, United States Code, Section 2. Therefore, probable cause exists to believe Defendant committed the charged offense.

B. Weight of the Evidence against the Defendant (18 U.S.C. § 3142(g) (2)):

In September 2022, Defendant, Anthony Angel FLORES, robbed a Don Roberto Jewelers in Calexico, California, at gun point using a "takeover" manner. FLORES and another individual barged into the store and that individual began smashing the glass on the display cases with a hammer. Meanwhile, Defendant pointed a ghost gun at the 2 store employees. Defendant herded them to the back of the store and forced them under a table. Defendant then helped the other individual smash more display cases by jumping up and down on them. After filling a bag with $84,000 worth of jewelry, Defendant and the individual fled the store on foot.

Video surveillance footage shows the robbery: Defendant and the other individual taking property in the presence of Don Roberto Jeweler's employees, against the employees' wills—used a firearm to force the two employees to the back of the store and under a desk.

Although Defendant was wearing a disguise and covered in the video surveillance footage, he was arrested a month later brandishing a uniquely similar gun to the one used in the robbery on a public bus.

In addition, Agents found blood and DNA samples on some of the smashed display cases. Agents later obtained Defendant's DNA from a discarded water bottle. The DNA

from the scene of this offense and the DNA from Defendant's discarded water bottle are a match.

C. History and Characteristics of Defendant (18 U.S.C. § 3142(g)(3)):

1. Defendant is a United States citizen and is 20 years old.
2. Defendant has a criminal history:
   a. Defendant has had seven encounters with law enforcement.
   b. In August 2022, weeks before the instant offense, Defendant was convicted of carrying a loaded firearm in public. Defendant was sentenced to 20 days in jail and one year of probation.
   c. One month after the instant offense, in October 2022, Defendant was arrested for carrying a loaded firearm in public.
3. Defendant has a history of fentanyl, methamphetamine, and heroin use.
4. Defendant has a transient lifestyle.
5. Defendant has admitted to being a member of the Ghost Town Loco gang. Defendant has the letters "G" and "T" tattooed on his hand. The Ghost Town Loco gang engages in a high volume of crime activity and has members with multiple weapons related convictions.

D. Nature and Seriousness of Danger Posed by Release (18 U.S.C. § 3142(g)(4)):

Defendant robbed two jewelry store employees at gun point and forced them to the back of the store. In addition, Defendant has a conviction from August 2022 for carrying a loaded firearm in public. Defendant also has an arrest from October 2022 for again carrying a loaded firearm in public.

## II

## REASONS FOR DETENTION

1. There is probable cause to believe that the Defendant committed the offense charged in Indictment No. 23CR2369-RSH with (1) Interference with Commerce by Robbery, in violation of Title 18, United States Code, Section 1951; (2)

Brandishing a Firearm During and In Relation to a Crime of Violence, in violation of Title 18, United States Code, Section 924(c); and (3) Aiding and Abetting, in violation of Title 18, United States Code, Section 2. Therefore, probable cause exists to believe Defendant committed the charged offense.

2. The weight of the evidence is strong. DNA Defendant left at the scene of the robbery which matched DNA found on Defendants' discarded water bottle.
3. Defendant has a criminal history which includes other firearms related offense.
4. Defendant has a significant history of controlled substance abuse.
5. Defendant lives a transient lifestyle and travels to Mexico.
6. Defendant has gang affiliation with the Ghost Town Locos, a dangerous local gang.
7. Defendant has not proffered a surety with sufficient assets to justify bond.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

## III

## ORDER

IT IS HEREBY ORDERED that Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that the Defendant be committed to the custody of the Attorney General, or his designated representative, for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

**THIS ORDER IS ENTERED WITHOUT PREJUDICE.**
**IT IS SO ORDERED.**
DATED: 12/6/23

HON. LUPE RODRIGUEZ, JR.
U.S. MAGISTRATE JUDGE

Prepared by:

TARA K. MCGRATH
United States Attorney

Daniel F. Casillas
Daniel F. Casillas
Assistant U.S. Attorney

cc: James Johnson
Federal Defenders of San Diego, Inc.